## TREADWAY v. WHITEMAN BROS., Inc., et al.

### No. 11636.

Circuit Court of Appeals, Fifth Circuit.
June 25, 1946.

Richard A. Dowling, of New Orleans, La., for appellant.

Alfred C. Kammer, Bert Flanders, Jr., J. Mort Walker, Jr., and Selim B. Lemle, all of New Orleans, La., for appellees.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

Brought by the master of the Tug "Maude Wilmot" against defendant, its owner, the suit was for personal injuries. The petition alleged that defendant, by permitting two barges of the American Barge Line to be tied to the wharf used by the tug, had made it necessary for plaintiff to cross the barges to reach the wharf. It charged that defendant had thus become responsible to plaintiff for injuries he had sustained while endeavoring to cross on them.

The defense was that plaintiff's own negligence was the sole proximate cause of his injuries, that they were not caused or in any manner contributed to by negligence or fault on defendant's part. In addition to answering, defendant filed a third party complaint against American Barge Line Company, demanding judgment over against it for any sums which plaintiff might recover.

The evidence concluded, the defendant and the third party defendant each moved for a directed verdict. The court, reserving decision on both motions, submitted the cause to the jury on special issues and the jury being unable to agree, later discharged them. The defendant then moved for judgment, and the court in a written opinion, searching the record and finding that it contained no evidence of fault or negligence on the part of the defendant, either proximately causing or contributing to plaintiff's injuries, sustained the motion and entered judgment accordingly.

Plaintiff is here insisting that the evidence made out a case for the jury. We cannot agree. A careful examination of the supplemental transcript of record filed in this court on May 31, 1946, discloses no evidence whatever of any negligence or fault of defendant. The judgment was right. It is affirmed.